**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>COMMONWEALTH INSURANCE COMPANY;<br>CERTAIN UNDERWRITERS AT LLOYD'S OF<br>　LONDON AND CERTAIN LONDON MARKET<br>　INSURANCE COMPANIES subscribing to Policy<br>　Nos. 507/N11NA08242 and GEP 2944;<br>PARTNER REINSURANCE EUROPE plc;<br>STEADFAST INSURANCE COMPANY;<br>TORUS SPECIALTY INSURANCE COMPANY; and<br>WESTPORT INSURANCE CORPORATION,<br><br>　　　　　Defendants. | Civ. Action No.: 1:21-cv-08575<br><br><br>**PROTECTIVE ORDER** |

Pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 502(d), the following Protective

Order is entered:

**Definitions**

1.　　"Litigation" means the action captioned *National Railroad Passenger*

*Corporation v. Commonwealth Insurance Co. et al.*, No. 21-cv-08575, in the United States

District Court for the Southern District of New York.

2.　　"Related Action" means the action captioned *National Railroad Passenger*

*Corporation v. Arch Specialty Insurance Co.*, No. 14-cv-7510, in the United States District Court

for the Southern District of New York.

3.　　"Amtrak" means National Railroad Passenger Corporation.

4.　　"Commonwealth" means Commonwealth Insurance Company.

5.    "Underwriters" means Certain Underwriters at Lloyd's of London and Certain London Market Insurance Companies.

6.    "Partner Re" means Partner Reinsurance Europe PLC.

7.    "Steadfast" means Steadfast Insurance Company.

8.    "Torus" means Torus Specialty Insurance Company.

9.    "Westport" means Westport Insurance Corporation.

10.    "Parties" means collectively, Amtrak, Commonwealth, Underwriters, Partner Re, Steadfast, Torus, and Westport, unless the context specifically makes it clear that a particular use of "Parties" is intended to mean some subset thereof.  Each of Amtrak, Commonwealth, Underwriters, Partner Re, Steadfast, Torus, and Westport is a "Party" for purposes of this Protective Order.

11.    "Discovery Request" means the use by a Party of any method provided for in the Federal Rules of Civil Procedure for making a formal request for information from another Party or third-party in connection with the Litigation, and includes (a) any formal document request, (b) any formal interrogatory, (c) any formal request for admission, (d) any subpoena or subpoena ducus tecum, (e) any notice of deposition, and (f) any question asked during a deposition.

12.    "Discovery Response" means all information (including documents and testimony) produced in response to any Discovery Request made in the Litigation, and includes Documents produced, objections asserted (including any associated privilege log), or answers or responses provided to any Discovery Request made in the Litigation.

13.    "Document" or "Documents" includes all handwritten, typed, printed, or recorded matter (however produced or reproduced or stored); correspondence; letters; e-mail; any other form of communication (agreed to by the Parties); drawings; blueprints; schedules, plans, graphs;

charts; photographs; videos; memoranda; facsimiles; records; summaries of personal conversations or interviews; books; statements; transcripts; court records or filings; logs; legal pleadings and papers; summaries or records of telephone conversations; diaries; journals; filings or reports submitted to any governmental entity; statistical statements; work papers; work orders; account records; bank records; bank statements; credit card statements or records; invoices; receipts; agendas; minutes or records of meetings or conferences; consultant reports; employment records; appraisals; agreements; reports or summaries of negotiations; brochures; pamphlets; circulars; press releases; notes; lists; notices; surveys; advertising; all other sound recordings (agreed to by the Parties), however produced or reproduced; files; tests; results; plans; protocols; standards; calendars; logs; manuals; contracts; evaluations; and all data compilations from which information can be obtained.  This definition is intended to be and should be construed to be at least as broad as the description of "document" appearing in Fed. R. Civ. P. 34(a).  "Document" and "Documents" include all non-identical drafts and copies of the same document and all information stored in electronic format including, for example, on or in online data storage, databases, networks, computer systems, and servers.

14.     "Privileged Information" means information, Discovery Responses, and Documents protected by the attorney-client privilege, the work-product doctrine or protection, or any other applicable privilege, protection, or immunity from discovery that otherwise would apply in this or any other action, arbitration, mediation, or court or agency proceeding.

15.     "Protected Material" means information, Discovery Responses, and Documents designated as "CONFIDENTIAL" in this Litigation.

## Designation of Materials as "Confidential"

16.     Any Party may designate as "CONFIDENTIAL" any information, Discovery Response, Documents, or any portions thereof, that it or a non-party discloses, produces, transcripts, or files in this Litigation, and that the designating Party believes in good faith contains confidential personal, trade secret, and/or commercial information, as those terms are defined under applicable law, not generally available in the public domain.  Such designation shall be made (1) if practicable, by typing or stamping on the face of such information, Discovery Responses, or Documents the words "CONFIDENTIAL – Subject to Protective Order in Amtrak v. Commonwealth, et al.," or (2) by otherwise designating information, Discovery Responses, or Documents as "CONFIDENTIAL" prior to the production of the information, Discovery Responses, or Documents in a manner that clearly advises that the information, Discovery Responses, or Documents are to be treated as "CONFIDENTIAL."  In the case of information or documents produced by a non-party, the designation may be made by requesting that the non-party's information or Documents be stamped or identified in some other conspicuous and practicable fashion, stating:  "CONFIDENTIAL – Subject to Protective Order in Amtrak v. Commonwealth, et al., per Designation of [Designating Party]," in accordance with Paragraph 18 hereof.

17.     The December 1, 2014 Protective Order ("December 1, 2014 Order"), a copy of which is attached, entered into in by the Court in the Related Action shall govern any designation, agreement, or treatment of documents or materials previously exchanged between or shared among the Parties or any of their representatives or agents regarding Amtrak's losses and claims caused by or arising out of Sandy to the extent such information was exchanged prior to September 26, 2018, including but not limited to deposition transcripts and materials filed under

seal with the Court.  Nothing shall prevent any Party from de-designating any previously provided documents or material that it designated as "CONFIDENTIAL" under the December 1, 2014 Order.  To the extent any entity not a party to this Order had designated materials as "CONFIDENTIAL" or joined in the designation of material as "CONFIDENTIAL" pursuant to the December 1, 2014 Order, any such entity's agreement must be obtained in writing prior to the material no longer being considered as "CONFIDENTIAL."  Any Party may designate a deposition, or any part thereof, as "CONFIDENTIAL."  Such designation shall be made either: (1) at the taking of the deposition by a statement in the record by the designating Party, or (2) thereafter, by providing written notice in accordance with paragraph 19 hereof.  Any documents produced in connection with the Related Action (including the documents produced by Amtrak in 2018) may be used in the Litigation, subject to the terms of the December 1, 2014 Order and the terms of this Order.  Amtrak has represented to the Insurers that a storage device containing certain document productions from the Related Action that was maintained by Amtrak or its prior counsel has been corrupted.  Based on this representation, the Insurers have agreed to re-produce to Amtrak the following document productions from the Related Action:

- Amtrust Syndicate 1206 (ATS00000001-00001164)
- GEP (KLN-GEP00000001-00002588)
- Liberty Syndicate 4472 (LIB00000001-00000646)
- Partner Reinsurance plc (PAR00000001-00001289)
- Torus Specialty Company (TOR00000001-00002130)
- Westport Insurance Corporation (WES00000001-00001167)
- Commonwealth Insurance Company (CMWLTH00000001-00003300)
- Steadfast Insurance Company (STEADF00000001-00002263)
- Jenny Engineering Corp. (JEN ENG 0000001-0035232)
- Langan Engineering (LANG_00000001-00000815)
- Lea Environmental, LLC (LEA_00000001-00002097)
- LPI, Inc. (LPI_00000001-00006208)
- Marsh (MMC-AM0004247-15838)
- Parsons Jenney Joint Venture (PARSONS_00001-00725)
- Price Forbes (DOC0000001-0005667, DOC0006733-0017116)

- Benesch (BEN00000001-00008417)
- Greer & Kirby (GRE00000001-00001036)
- Held Enloe (HLD00000001-00027168)
- Ratcliff (RPAL_00000001-00001832)
- Simpson Gumpertz & Heger (SGH00000001-00002014)
- Thorton Tomassetti (TT00000001-00066759)
- York (YORK_00000001-00033235)

Amtrak has represented that it has the following documents produced by third parties in the

Related Action:

- Marsh (MMC-AM0000001-00004246, MMC-AM0015839-0019213)
- Price Forbes (DOC0005668-0006732)

Once these documents are re-produced, they may be used in this Litigation.  The Parties agree

that deposition transcripts and exhibits from the Related Action may be used in the Litigation.

The Parties reserve the right to object to the use of a document or deposition transcript that any

Party may seek to use on any relevance, evidentiary or other grounds.  To the extent any entity

not a party to this Order had designated materials as "CONFIDENTIAL" in the Related Action,

that entity's agreement must be obtained in writing prior to the material no longer being

considered as "CONFIDENTIAL."

18.      In the event a Party does not designate as "CONFIDENTIAL" any information,

Discovery Responses, Documents, or portions thereof at the time such information, Discovery

Responses, Documents, or portion(s) thereof are disclosed, produced, or transcribed, such Party

has not waived its right to later designate said information, Discovery Responses, Documents, or

portions thereof as "CONFIDENTIAL," provided the Party notifies the other Parties in writing

that such information, Discovery Responses, Documents, or portions thereof should have been

designated as "CONFIDENTIAL" and undertakes to provide the other Parties with the

information, Discovery Responses, Documents, or portions thereof that are being so designated

marked in accordance with either Paragraph 16 or Paragraph 17 hereof.

19.     Any Documents or information produced by, or testimony given at a deposition by, a non-party will be treated as confidential by all Parties for a period of fourteen (14) days following the production of said Documents or information or following the deposition. Thereafter, such Documents, information, and testimony shall not be considered confidential unless so designated by a Party in accord with Paragraphs 16 or 17 to extend the 14-day period of presumptive confidentiality.

20.     A Party does not waive its right to challenge a "CONFIDENTIAL" designation by electing not to challenge it after the 14-day period in Paragraph 19 above or after the original designation is disclosed.

### Challenging a "CONFIDENTIAL" Designation

21.     Any challenge to a Party's "CONFIDENTIAL" designation must be preceded by a conference call directly between counsel for the challenging Party and counsel for the Party that made the designation, unless counsel for the designating Party unreasonably delays the call from occurring, during which counsel for the respective Parties shall attempt, in good faith, to resolve the designation issue(s).

22.     If, after a good faith effort to resolve a "CONFIDENTIAL" designation issue, the challenging Party elects to proceed with a challenge to the designation, the challenging Party must, within twenty-one (21) days of the telephone conference with the designating Party, serve in accordance with the federal and local rules a motion that identifies the challenged material (by bates number, if applicable) and sets forth in detail the basis for the challenge.  Until this Court rules on the motion, the Parties shall continue to treat the material as though it was properly designated.  With respect to any material that ceases to be protected under this Protective Order, the designating party shall, at its expense, provide to each Party that so requests copies of the

previously protected material from which all confidentiality legends previously affixed have been removed.

23.     "CONFIDENTIAL" information, Discovery Responses, or Documents shall not include those portions of the information, Discovery Responses, or Documents that: (i) are or become generally available to the public other than as a result of disclosure by a receiving Party; (ii) become available to a Party through disclosure outside the Litigation or Related Action; or (iii) were in the possession of a Party prior to disclosure in the Litigation, other than through prior discovery in the Related Action or other materials received prior to September 26, 2018, the permissible disclosure of which shall be governed by the December 1, 2014 Order.

24.     This Protective Order is not intended to govern the use of "CONFIDENTIAL" information, Discovery Responses, Documents, or testimony at any trial in the Litigation.  Issues relating to the use of "CONFIDENTIAL" information, Discovery Responses, Documents, and testimony at trial will be resolved prior to the commencement of any trial.

## Additional Restrictions

25.     Any party who requests still further limits on disclosure (such as "attorneys' eyes only" treatment in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the request.  If agreement cannot be reached promptly, counsel for all affected Parties will convene a joint telephone call with the Court to obtain a ruling.

## Filing and Service of Documents

26.     To the extent a Party seeks to file with the Court any document constituting, comprising, referencing, excerpting, or attaching any Protected Material, that Party shall first request leave of court to file the Protected Material "under seal."  If leave is granted, all

Protected Material contained, referred to, excerpted in, or attached to the document to be filed

with the Court shall be filed in a sealed envelope prominently marked "CONFIDENTIAL –

Disclosure Permitted Only Pursuant to Court Order" and shall be kept under seal by the Clerk

until further order of this Court.  The Party filing the document shall be responsible for

complying with the provisions of this paragraph.  If the Court does not grant leave to file the

Protected Material under seal, the Parties shall promptly meet and confer in an effort to address

how to best preserve the confidential status of the Protected Material.  Under no circumstances

shall a non-filing Party thwart the meet and confer process to the detriment of the filing Party or

use any delay in the meet and confer process or the Court's denial of the motion to file under seal

to argue that the filing party did not timely file its substantive, procedural, or discovery motion or

opposition thereto, or appropriately document the record in support of its motion.  In order to

comply with a court-imposed deadline for filing a substantive motion, a Party may file a redacted

version of its substantive motion and exhibits during the meet and confer process and may file a

supplemental or unredacted motion and exhibits after the conclusion of the meet and confer

process in accordance with the resolution agreed to during the meet and confer process.  If the

Parties cannot resolve how to preserve the confidential status of the designated information

and/or Document during the meet and confer process, the filing Party shall submit the matter to

the Court for resolution of the confidentiality issue and/or to permit consideration by the Court

through *in camera* review of the Protected Material sought to be filed.

## Confidentiality of Information Shared Among the Parties

27.     All Protected Material shall be used solely for the purposes of the Litigation,

including any mediation, arbitration, or alternative dispute resolution process connected with the

Litigation, and in accordance with paragraphs 29-30 herein.  Except as authorized by: (a) the

provisions of paragraphs 28-29 herein; (b) written permission of the Party that provided the

designated Protected Material; or (c) order of this Court, no Protected Material may be used for

any other purpose or outside the permitted scope of use according to its level of protection.

However, this paragraph does not preclude use of any information or Documents possessed or

obtained by any Party outside of this Litigation merely because the information or Document has

been produced in this Litigation and has been marked "CONFIDENTIAL," except to the extent

that the documents were marked as "CONFIDENTIAL" in the Related Action.

28.    Subject to the terms, conditions, and restrictions on this Order,

"CONFIDENTIAL" information, Discovery Responses, Documents, or testimony provided in

the Litigation and the Related Action may be disclosed only to the following persons:

(a)    The Parties and their respective counsel, including the members, partners, associates, and paralegal and clerical staff of the law firms of said counsel;

(b)    Any officer(s), employee(s), agent(s), claim manager(s), claim consultant(s), auditor(s), or representative(s), parent(s) or affiliated company(ies) of the Parties;

(c)    Reinsurers, retrocessionaires, insurers, indemnitors, and accountants of the Parties;

(d)    This Court and any persons employed or appointed by this Court whose duties require access to any information in connection with the Litigation;

(e)    Any governmental or regulatory body as required by law;

(f)    Any mediator, arbitrator, or provider of alternative dispute resolution services retained by the Parties in connection with the Litigation;

(g)    As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(h)    Witnesses or potential witnesses in the Litigation, including any non-party witnesses, who are not referred to in subparagraphs (a) or (b) above;

(i)    Experts, consultants, and private investigators retained, specially employed, or informally consulted by counsel concerning the subject matter of the Litigation and their secretarial, clerical, or other employees who are assigned

to assist in the subject matter of the Litigation or for purposes of the retention, employment, or consultation pertaining to the Litigation;

(j)     Court reporters and other persons involved in recording deposition testimony in the Litigation;

(k)     Employees of copying services utilized with respect to the Litigation provided they return the materials and all copies thereof to the Party utilizing the service; and

(l)     Litigation support vendors utilized with respect to the Litigation who are not referred to within subparagraphs (i) or (k) above.

29.     Prior to any disclosure of Protected Material to any person referred to in subparagraphs 28(h), 28(i), and 28(l) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, stating that the person has read the Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, and, upon request for good cause, produce it to counsel for any requesting Party either prior to such person being permitted to testify (at depositions or at trial) or at the conclusion of the case, except that non-testifying experts and other witnesses not called at trial or for deposition need not be disclosed.

30.     Within sixty (60) days after the conclusion of the Litigation, including the exhaustion of all appeals, counsel for all Parties and third parties shall to the extent reasonably practicable return all Protected Material (other than exhibits at the official court of record) to the designating Party or shall use reasonable efforts to destroy the Protected Material.  Reasonably practicable steps to accomplish this will not be deemed to extend to the search, destruction, and/or alteration of computer media (recognizing that when material is "deleted" from computer media it may still be forensically recoverable until overwritten) or to the search, deletion, or alteration of backup media retained by any recipient for disaster recovery purposes.  To the extent that a party,  its counsel, experts, and/or consultants need to retain Protected Material for

legitimate, ordinary course of business reasons, it may do so, but the Protected Material shall remain subject to this Order.  .

**Privileged Information and Inadvertent Production of Privileged Information**

31.     If a Party discloses information in connection with the pending Litigation that the Party thereafter claims to be Privileged Information, the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture—in this or any other federal, state, arbitration, or any other proceeding—of any claim of privilege or protection of any kind that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

32.     Upon discovery of the inadvertent production of Privileged Information, the producing Party must promptly notify the receiving Party in writing that it has disclosed the Privileged Information without intending a waiver by the disclosure.  The notification shall include as specific an explanation as possible why the Privileged Information is covered by the attorney-client privilege and/or any other applicable privilege and/or constitutes work-product. Upon such notification, the receiving Party must—unless it contests the claim of attorney-client privilege or other privilege or protection in accordance with paragraph 33—promptly notify the producing Party that it will take reasonable efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies it has.

33.     If the receiving Party contests the claim of attorney-client privilege or other privilege or protection, the receiving Party must—within 30 days of receipt of the notification referenced in Paragraph 32—move the Court for an Order finding that the material referenced in the notification does not constitute Privileged Information.  The Party shall request to file this

Motion under seal.  The Motion cannot assert the fact or circumstance of the disclosure as a ground for determining that the material does not constitute Privileged Information.  Pending resolution of the Motion, the receiving Party must not use the challenged information in any way or disclose it to any person other than those required to be served with a copy of the sealed Motion.

34.     A receiving Party is under a good-faith obligation to notify the producing Party upon identification of a document which reasonably appears on its face or in light of facts known to the receiving Party to be potentially privileged.  Such notification shall not waive the receiving Party's ability to subsequently challenge any assertion of privilege with respect to the identified document.  Failure by the receiving Party to notify the producing Party under this subsection where the receiving Party did not know and should not reasonably have known that the document was inadvertently produced shall not be a violation of this Protective Order.  Subsequent to notification by the receiving Party, the producing Party shall provide notice to the receiving Party within a reasonable time of notification if the producing Party believes the document to be Privileged Information.

35.     The Parties may stipulate to extend the time periods set forth in Paragraphs 32 and 33 without further approval of the Court.

36.     The producing Party retains the burden—upon challenge pursuant to Paragraph 33—of establishing the privileged or protected nature of the Privileged Information.

37.     Nothing in this Protective Order limits the right of any party to petition the Court for an *in camera* review of the Privileged Information.

38.     The Parties anticipate that certain information might be produced in connection with the claims and defenses raised by this action that might otherwise constitute Privileged

Information.  Any such Privileged Information may be produced pursuant to the terms of this Protective Order and, pursuant to Federal Rule of Evidence 502(d), such production shall not constitute a waiver of any privilege or protection of the Privileged Information in connection with this or any other federal or state proceeding.

### General Provisions

39.     Any summary, compilation, notes, electronic image, copy, or database containing Protected Material shall be subject to this Protective Order to the same extent as the Protected Material it contains or from which it derives.

40.     Nothing in this Protective Order restricts a Party's use of its own information or Documents produced as or in a Discovery Response.  Nor shall this Protective Order bar counsel from rendering advice to his or her client with respect to the Litigation and, in the course thereof, referring to, relying on, or disclosing to any entity any information or Documents produced as a Discovery Response, subject to the terms hereof.

41.     This Protective Order may not be deemed a waiver by any Party of its rights to object to any Discovery Request on any of the grounds provided for by the Federal Rules of Civil Procedure or substantive law, including on grounds of confidentiality, or otherwise.

42.     Any Party may apply for modification of this Protective Order upon reasonable notice to all other Parties and after counsel for the Party seeking modification has contacted counsel for all other Parties to attempt to resolve the issue through informal negotiation.

43.     Absent a written agreement between or among all the Parties that have produced Protected Material in the Litigation or further order of this Court, this Protective Order shall survive the final disposition of the Litigation and will continue to be binding on all Parties.

44.     In the event any individual or entity subject to the provisions of this Protective Order shall violate or threaten to violate any provision of this Protective Order, any aggrieved Party or non-party that produced or designated the Protected Material at issue may immediately apply to this Court to obtain injunctive relief against any person violating or threatening to violate any terms of this Protective Order and, in the event the aggrieved person shall do so, the respondent person subject to the provisions of this Protective Order shall not assert as a defense the claim that the aggrieved person possesses an adequate remedy at law.

45.     In the event any person or entity not authorized by this Protective Order to receive Protected Material seeks disclosure of Protected Material from a Party through lawful subpoena, demand by governmental authority, or other legal process, the Party receiving that subpoena, demand, or legal process shall immediately notify by (i) e-mail and (ii) overnight mail or hand delivery the Party that produced or designated the Protected Material as to which disclosure is sought.  Provided that notice is properly sent to a Party that produced or designated the Protected Material, it will be that Party's responsibility to object to or contest the subpoena, demand, or legal process.  The Party receiving the subpoena shall not produce the Protected Material until the Party that produced or designated the Protected Material has had reasonable time to take appropriate steps to protect the material.  It shall be the responsibility of the Party that produced or designated the protected material to obtain relief from the subpoena or order prior to the due date for compliance.  To give the Party that produced or designated the Protected Material an opportunity to obtain such relief, the Party from whom such Protected Material is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order, unless the Party that produced or designated the Protected Material waives compliance with this Protective Order prior to the due date.

46.     The Parties' stipulation regarding Privilege Logging is set forth in Rider A hereto.

47.     Any communications in connection with or required by this Protective Order shall be made to counsel of record for the Party.

48.     This Court retains jurisdiction over all Parties and their counsel in the Litigation for purposes of contempt proceedings or any other proceedings arising from any violation of this Protective Order.

SO STIPULATED AND AGREED.

Dated: March 9, 2023

By:

/s/ Anthony B. Crawford
Richard P. Lewis, Jr.
rlewis@reedsmith.com
Anthony B. Crawford
acrawford@reedsmith.com
599 Lexington Avenue, 22nd Floor
New York, NY 10022
(212) 521-5400

Courtney C.T. Horrigan, *Pro Hac Vice*
David A. Ledet, *Pro Hac Vice*
chorrigan@reedsmith.com
dledet@reedsmith.com
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh, PA  15222
(412) 288-3131

*Attorneys for Plaintiff*

/s/ Matthew M. Burke
Glenn R. Greenberg
666 Third Avenue, 20th Floor
New York, New York 10017
(212) 451-2900
bkim@rc.com

Matthew M. Burke
Robinson & Cole LLP
One Boston Place, 25th Floor
Boston, Massachusetts 02108
(617) 557-5996
mburke@rc.com

*Attorneys for Defendants Certain Underwriters at Lloyd's Subscribing to Policy No. 507/N11NA08242 and Policy No. GEP 2944, Partner Reinsurance Europe PLC n/k/a Partner Reinsurance Europe SE, Torus Specialty Insurance Company n/k/a StarStone Specialty Insurance Company, and Westport Insurance Corporation*

/s/ Costantino P. Suriano
Costantino P. Suriano
Bruce R. Kaliner
Deanna M. Manzo
Mound Cotton Wollan & Greengrass, LLP
One New York Plaza
New York, New York, 10004
(212) 804-4200
csuriano@moundcotton.com
bkaliner@moundcotton.com
dmanzo@moundcotton.com

*Attorneys for Defendants Steadfast Insurance Company and Commonwealth Insurance Company*

Dated: March 21, 2023                 SO ORDERED:

JENNIFER E. WILLIS
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NATIONAL RAILROAD PASSENGER
CORPORATION,

        Plaintiff,

vs.

COMMONWEALTH INSURANCE COMPANY;
CERTAIN UNDERWRITERS AT LLOYD'S OF
  LONDON AND CERTAIN LONDON MARKET
  INSURANCE COMPANIES subscribing to Policy
  Nos. 507/N11NA08242 and GEP 2944;
PARTNER REINSURANCE EUROPE plc;
STEADFAST INSURANCE COMPANY;
TORUS SPECIALTY INSURANCE COMPANY; and
WESTPORT INSURANCE CORPORATION,

        Defendants.

Civ. Action No.: 1:21-cv-08575

**NON-DISCLOSURE**
**AGREEMENT**

I, _____, acknowledge that I have read and

understand the Protective Order in this action governing the non-disclosure of Protected Material

that have been designated as "CONFIDENTIAL."  I agree that I will not disclose such Protected

Material to anyone other than for purposes of this Litigation and that at the conclusion of this

Litigation I will delete all Protected Material or return it to the Party or counsel from whom I

received it.  By acknowledging these obligations under the Protective Order, I understand that I

am submitting myself to the jurisdiction of the United States District Court for the Southern

District of New York for the purpose of any issue or dispute arising hereunder and that my

willful violation of any term of the Protective Order could subject me to punishment for

contempt of Court.

Dated: _____          _____

## RIDER A – PRIVILEGE LOGGING

1.      The below Privilege Logging provisions are intended to promote just, speedy, and inexpensive determination of this action, pursuant to Federal Rule of Civil Procedure 1.

2.      Asserting Privilege or Protection:  The Parties have agreed that, in this Litigation, it will not be necessary to review or log documents prepared by or sent to or from their outside legal counsel or their in-house legal department attorneys with regard to this matter and its underlying insurance claims.  The Parties agree further that there is no need to provide a log or list of documents produced in redacted form, so long as the redactions are clearly marked on the documents as redactions (except that redactions of "bccs" to legal counsel need not be marked where the documents are otherwise produced).

3.      Except as provided in Paragraph 2 herein, a Party that fully withholds any other ESI or documents on the grounds of attorney-client privilege, work product protection, and/or any other applicable privilege or protection shall provide a listing of each document or document family in a native Excel (.xls) spreadsheet format providing the information extracted from the following objective metadata fields:  document control number range, document date, author(s), recipient(s) (including all addresses, ccs, and bccs), and file type.  For email chains, Parties need only provide identifying information with respect to the top-most email in the chain.  Parties shall also indicate for each entry on the list, the nature of the privilege and/or protection being asserted (*i.e.* attorney-client privilege or work product protection).  For purposes of this paragraph, "objective metadata" does not include substantive content from, or a subjective description of, the documents or ESI being withheld.  As appropriate, a producing party may identify privileged communications by category, rather than individually.  Such categories shall contain, at a minimum, the nature of the privilege and/or protection being asserted, and

timeframe covered by the category, and the authors and recipients (including all ccs and bccs) of the documents.

4.      Requests for Additional Information:  Each side in the Litigation (counting the insurers, collectively, as one side) can select up to 5% of the listings identified on the opposing sides' privilege spreadsheets and request that the withholding party provide additional information about those listings, unless the log by the producing party contain less than fifty documents, in which case additional information may be requested regarding all documents.  The additional information is limited to the following:  subject matter metadata field (to the extent it exists) of those documents (which shall be limited to avoid revealing any privileged information); a more detailed breakdown of the document structure covered by a group listing (whether a chain of emails, a document with attachments, or another categorization of documents covered by a single privilege log entry); the identity and affiliation of any persons sending, receiving or otherwise seeing the documents or ESI; whether a person identified in the entry is an attorney and for whom; and any other information necessary to support the withholding Party's claim of privilege or other protection.

5.      Challenging Asserted Privilege or Protection Over Withheld ESI or Documents:  In the event that a dispute over privilege list issues or the assertion of privilege or protection over withheld or redacted ESI or documents arises that cannot be resolved amicably by the Parties meeting and conferring in good faith, any Party may seek the assistance of the Court to resolve the issues.

6.      To the extent documents were reviewed and logged in accord with the Protective Order entered into in the Related Action, such documents need not be reviewed again for

privilege, except to the extent documents were withheld for relevance in the Related Action and such documents are now relevant in this Litigation.

1323384.1