**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
NATIONAL RAILROAD PASSENGER
CORPORATION *d/b/a Amtrak*,

                      Plaintiff,

           -against-

COMMONWEALTH INSURANCE
COMPANY, *et al.*,

                     Defendant.
------------------------------------------------------------------X

**ORDER**

**21-cv-8575 (AS) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court is in receipt of Plaintiff Amtrak's letter motion to compel the deposition of Martin Roberts, who is the head of the wordings department of the Liberty Syndicate with Defendant Certain Underwriters at Lloyd's ("Underwriters"). Dkt. No. 114 ("Amtrak's Request"). Underwriters oppose the request and ask the Court to enter a protective order pursuant to Fed. R. Civ. P. 26(c). Dkt. No. 115 ("Underwriters Opp."). Amtrak argues the testimony is relevant because the wordings department is responsible for interpreting language for Underwriters' policies and the Court previously found that the policy at issue in the case was ambiguous, putting interpretation at issue. Amtrak's Request at 1-2. Amtrak further argues the burden of taking one additional deposition is minimal. Id. at 3. Underwriters argue that the testimony of Mr. Roberts is irrelevant because he was not involved in the underwriting of the policy at issue and did not have the job until years after the policy was drafted. Underwriters Opp. at 1-3. For the reasons stated below, Amtrak's Request is GRANTED.

The Federal Rules of Civil Procedure permit broad discovery and parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ." Fed. R. Civ. P. 26(b)(1). The party seeking discovery needs to demonstrate "the possibility that the discovery sought will lead to relevant evidence," then the "burden shifts to [Underwriters] to show that discovery is improper." Ferguson v. Lion Holding, Inc., No. 02CIV4258(PKL)(JCF), 2005 WL 1216300, at *3 (S.D.N.Y. May 23, 2005).

Underwriters argue that Amtrak has not made a minimal showing of relevance because Mr. Roberts was not employed by Underwriters at the time the policy at issue was drafted. Underwriters Opp. at 2. Underwriters asserts that the Court has denied a deposition where the witness did not begin working at the defendant until well after the events at issue in the litigation. Id. at 3 (citing Burns v. Bank of Am., No. 03 CIV.1685 (RMB) (JCF), 2007 WL 1589437, *4 (S.D.N.Y. June 4, 2007)). However, Burns is distinguishable from the instant action where Underwriters articulate no burden and Amtrak argues that the interpretation of the policy is directly at issue. In Burns, at *4, the Court found that the likelihood of harassment was significant and plaintiff did not offer a compelling reason for deposing the requested witness. Those circumstances are distinct from the instant action.

Amtrak provides case law to argue that subsequent changes in terminology could lead to relevant extrinsic evidence of a policy's interpretation. Amtrak's Request at 3 (citing Alfin, Inc. v. Pac. Ins. Co., 735 F. Supp. 115, 121 (S.D.N.Y. 1990)). The Court is satisfied that the requested deposition of Mr. Roberts may lead to

2

relevant information. Further, because the "burden of taking one additional deposition is minimal," Ferguson, at *3, Amtrak's request is GRANTED.

The Clerk of the Court is respectfully requested to close the motion at Dkt. No. 114.

SO ORDERED.

DATED:   New York, New York
         September 6, 2023

_____
JENNIFER E. WILLIS
United States Magistrate Judge